Filed 2/22/24  P. v. Valles CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSEPH ANTHONY VALLES,<br><br>    Defendant and Appellant. | F086033<br><br>(Super. Ct. No. F14902191)<br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County.  Houry A. Sanderson, Judge.

J. Edward Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P. J., Franson, J. and Meehan, J.

Defendant Joseph Anthony Valles brings this appeal after he was resentenced by the trial court. Counsel for defendant has submitted a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), asking this court to conduct an independent review of the record on appeal. Although we offered defendant the opportunity to present his own brief on appeal through a letter, he has not responded.

Pursuant to *Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the entire record. Following our Supreme Court's direction in *Kelly*, we provide a brief description of the relevant facts and the procedural history of the case relevant to this appeal. (*Kelly*, at p. 110.) Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## PROCEDURAL AND FACTUAL SUMMARY

On April 7, 2015, defendant pled guilty to a robbery (Pen. Code,[1] § 211, a felony; count 1), admitted all prior convictions alleged in the information (§§ 667, subd. (a)−(i), 1170.12, subds. (a)−(d)) and acknowledged that a robbery is a strike offense under sections 667, subdivision (b)(1) and 1170.12. At this time, defendant also acknowledged through his plea, he would be sentenced to a stipulated term of 35 years, and further, that he was waiving his right to appeal the sentence.

When defendant was formally sentenced in June 2015, the remaining three felony counts and one misdemeanor count alleged in the information were dismissed. Defendant was then sentenced to an indeterminate term of 25 years to life for the robbery, and two additional five-year terms, each a determinate term meant to run consecutively, as allowed under section 667, subdivision (a)(1).[2]

---

[1] All further statutory references are to the Penal Code.

[2] While the minute order references section "667.5(a)(1)," as the source for these particular enhancements, the abstract of judgment correctly references section 667, subdivision (a)(1).

On October 5, 2022, a letter from Secretary Kathleen Allison, of the Department of Corrections and Rehabilitation was filed in the Fresno County Superior Court, giving the court the authority to resentence defendant under section 1172.1, subdivision (a)(1), due to a change in the sentencing laws. The letter noted:

> "The enhancements pursuant to [section] 667[, subdivision] (a)(1), provides for the imposition of a consecutive five-year enhancement on any person convicted of a serious felony for each previous conviction of a serious felony (or other qualifying conviction) brought and tried separately. Courts were previously barred from striking prior serious felony convictions for purposes of enhancement under this section. However, effective January 1, 2019, courts are now authorized to exercise their discretion to strike prior serious felony convictions for purposes of enhancement under this section, or to strike the punishment for the enhancement under this section, pursuant to [section] 1385."

Secretary Allison stated that defendant's underlying case was reviewed and consideration was given to both the changes in the law and defendant's "in-prison conduct." The letter then made the recommendation to recall defendant's sentence so he could be resentenced under section 1172.1, subdivision (a)(1).

On January 25, 2023, defendant filed a brief in support of resentencing that raised challenges to aspects of his current sentence and contained a number of exhibits related to his activities while incarcerated. Among the requests made by defendant was that nine of his 10 "strike" priors be stricken from the record for purposes of sentencing in this case, relying on the standard set out in *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 504. The People filed their responsive brief on January 31, 2023, stating their opposition to this specific request made by defendant, but acknowledging the court had the authority to revisit various parts of his sentence.

On February 16, 2023, the trial court held a hearing to consider resentencing defendant. In addition to the legal arguments, the court heard evidence about a K-9 program defendant was involved in while in prison, and his success with that program. Defendant also addressed the court on his remorse for the crimes he had committed and

his activities while in prison. The court then took the matter under submission, indicating it would rule on the matter at the next hearing.

On March 23, 2023, after reviewing the various arguments presented by the parties, and rejecting the motion to strike nine out of 10 of the prior "strike" convictions committed by defendant, the court stated:

> "At this time, [defendant], the [c]ourt taking into consideration all the documents presented, appreciating your efforts to change your life and become a better productive human being, which it looks like you are and can do, I will recall and I've already recalled the sentence, reinstate the same sentence with all of the same prior sentence conditions, find that you are not eligible for a grant of probation, deny you probation and to [send] you [to] the Department of Corrections and Rehabilitation on the one count, the sole count in this case, that was pled or admitted to and that would be a [section] 211, second degree robbery, and that would be enhanced by the priors that you had admitted, so you will receive 25 years to life just on that one count. The two five year priors, pursuant to [section] 667[, subdivision] (a)(1), are both stricken in the interest of justice by the [c]ourt's discretion. Again, having re-reviewed your record, your accomplishments, finding that you have made changes in your life, therefore, the [c]ourt will remove those. So instead of 35 years to life, your sentence will become 25 years to life."

The court then suspended any fines and fees still due in their entirety. However, existing restitution orders for the victims of his crimes were not suspended.[3]

---

[3] Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216, a *Wende* analysis is not generally available for postconviction relief. (*Id*. at p. 222.) The *Delgadillo* court held *Wende* reviews "do not apply to an appeal from the denial of postconviction relief, even if the defendant has a state-created right to the appointment of counsel for that appeal." (*Id*. at p. 226.) "This is because 'there is no constitutional right to the effective assistance of counsel' in state postconviction proceedings." (*Ibid*.) The letter sent to defendant after appellate counsel filed his brief did not contain a warning we could dismiss the appeal if no supplemental brief or letter was filed by defendant. To avoid further delay by sending a new letter to defendant, we have chosen to exercise our discretion and review the record on appeal.

## **DISCUSSION**

Having carefully reviewed the entire record provided for defendant's resentencing, we conclude there are no arguable issues on appeal. (*Wende*, *supra*, 25 Cal.3d at pp. 441–443.)

## **DISPOSITION**

The judgment is affirmed.